UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIGEL ISAACS, Plaintiff, -against- GP CONSTRUCTION LLC, KARIM HUTSON, Defendants. | 26-cv-2782 (AS) OPINION AND ORDER |

ARUN SUBRAMANIAN, United States District Judge:

Plaintiff Nigel Isaacs is a former employee of GP Construction LLC, where he worked as an associate project manager under the supervision of Karim Hutson. Dkt. 1 ¶¶ 1–2, 12. Isaacs was employed in that capacity from around July 2018 through October 2025. *Id.* ¶¶ 1–2. Approximately seven years into his employment with GP Construction, Isaacs signed an arbitration agreement. Dkt. 12-3. Now, Isaacs brings federal and New York wage-and-hour claims against GP Construction and Hutson, alleging that they did not pay him minimum or overtime wages. Dkt. 1 ¶ 6. Defendants have moved to compel arbitration and to stay this action. Dkt. 12.

The Federal Arbitration Act "establishes a liberal federal policy favoring arbitration agreements." *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 505 (2018) (cleaned up). To determine whether Isaacs's claims are subject to arbitration, a court must consider "(1) whether the parties have entered into a valid agreement to arbitrate, and, if so, (2) whether the dispute at issue comes within the scope of the arbitration agreement." *In re Am. Express Fin. Advisors Sec. Litig.*, 672 F.3d 113, 128 (2d Cir. 2011).

"In deciding motions to compel, courts apply a 'standard similar to that applicable for a motion for summary judgment.'" *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016) (quoting *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003)). The Court considers "all relevant, admissible evidence submitted by the parties." *Starke v. SquareTrade, Inc.*, 913 F.3d 279, 281 n.1 (2d Cir. 2019). And "the court must draw all reasonable inferences in favor of the non-moving party." *Nicosia*, 834 F.3d at 229.

Isaacs raises two arguments in response to GP Construction's motion to compel. Dkt. 15. First, that the agreement is invalid because the defendants did not sign it. And second, that even if the agreement is valid, it does not govern disputes arising out of conduct that occurred before the agreement was signed (*i.e.*, it does not have "retroactive" effect). Both arguments fail.

## I. The parties entered into an arbitration agreement.

Issacs's first argument (which he devotes only a sentence to) is that the arbitration agreement cannot be enforced against him because GP Construction did not sign the agreement. But there is no requirement that an employer must sign an arbitration agreement before it can be enforced against an employee. *See Akhter v. Compass Grp. USA, Inc.*, 2022 WL 4638635, at *2 (S.D.N.Y. Sept. 30, 2022) ("[I]t is well established under New York law that an arbitration agreement need not be signed by an employer to be enforceable against the employee."). This is true even when there is a blank signature line. *See, e.g.*, *Reyes v. Gracefully, Inc.*, 2018 WL 2209486, at *3 n.3 (S.D.N.Y. May 11, 2018) (enforcing arbitration agreement that the employer did not sign despite it having a designated signature block for the employer); *Martinez v. GAB.K, LLC*, 741 F. Supp. 3d 26, 33 (S.D.N.Y. 2024) (deeming it "immaterial that the language of the Arbitration Agreement . . . contemplates [the employer's] signature").

Instead, the question is merely whether both parties manifested an intent to be bound. Neither side disputes that Issacs agreed to be bound by signing the agreement and continuing his employment. And GP Construction's actions also clearly manifest an intention to be bound. They drafted the agreement and sent it to Isaacs. Following his signature, GP Construction benefitted from the agreement, failed to raise any objections, and notably, relies on the agreement in the present case. *See Martinez*, 741 F. Supp. 3d at 33 (finding that an employer manifested an intention to be bound by "prepar[ing] the Arbitration Agreement and rel[ying] on it to file th[e] motion to compel"); *Reyes*, 2018 WL 2209486, at *3 n.3. So the arbitration agreement here is binding on Isaacs.

## II. That arbitration agreement covers this suit.

Next, Isaacs argues that even if the agreement is valid, the claims at issue here are outside of its scope, given that they arose *before* the agreement was executed. This argument fails due to the broad language of the agreement and strong presumption in favor of arbitrability.[1]

The agreement says that it covers "any and all controversies, claims, or disputes with anyone" and "all potential claims." Dkt. 12-3, at 2. The breadth of this language supports an application to retroactive claims. *See Arrigo v. Blue Fish Commodities, Inc.*, 408 F. App'x. 480, 482 (2d Cir. 2011) ("[N]othing in the arbitration provision places a temporal limitation on arbitrability."); *Coenen v. R. W. Pressprich & Co.*, 453 F.2d 1209, 1212 (2d Cir. 1972) ("Had those who drafted the clause intended [to only cover future disputes] they doubtless would have used language plainly stating that [the agreement only applied to] 'any future controversy' . . . ."). Plus, Issacs had been an employee of GP Construction for many years, and the agreement at issue was the first and only arbitration agreement he signed. If the parties had wanted to exclude any claims arising from Isaacs's first seven years of employment with GP Construction, one would expect them to say so. In sum, both the broad language of the agreement and the context surrounding its execution support its application to past claims.

---

[1] Defendants argue that any temporal-scope issue is a question for the arbitrator. The Court assumes without deciding that this is a question for the Court to decide.

This is only bolstered by New York's strong policy favoring arbitration, a policy which is also reflected in the Federal Arbitration Act. *Wu v. Uber Techs., Inc.*, 260 N.E.3d 1060, 1068 (N.Y. 2024); *Epic Sys. Corp.*, 584 U.S. at 505.

## CONCLUSION

For these reasons, defendants' motion to compel arbitration is GRANTED. This action will be STAYED pending arbitration. *See Smith v. Spizzirri*, 601 U.S. 472, 478 (2024) ("When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding."). The Clerk of Court is respectfully directed to terminate the motion at Dkt. 12.

SO ORDERED.

Dated: September 23, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge